Filed 11/3/21  P. v. Clay CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B306630 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. BA467162 |
| v. | |
| TYESHON CLAY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge. Affirmed.

Daniel Milchiker, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# INTRODUCTION AND PROCEDURAL BACKGROUND

The Los Angeles County District Attorney filed an information charging defendant and appellant Tyeshon T. Clay with attempted murder (Pen. Code,[1] §§ 664/187; count one), arson of an inhabited structure (§ 451, subd. (b)), and arson causing great bodily injury (§ 451, subd. (a)). The information further alleged Clay personally inflicted great bodily injury in the commission of counts one and two (§ 12022.7, subd. (e)), personally used a deadly or dangerous weapon in the commission of counts one through three (§ 12022, subd. (b)(1)), sustained two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and sustained two prior serious felony convictions (§ 667, subd. (a)(1)). The jury found Clay guilty on counts one and three, and acquitted him on count two. It also found he personally used a deadly or dangerous weapon in the commission of counts one and three, and personally inflicted great bodily injury in the commission of count one. At a bifurcated court trial, Clay admitted he sustained a prior strike conviction.

The trial court sentenced Clay to 29 years in state prison, consisting of an upper term of 9 years on count one, doubled to 18 years for the prior strike allegation, plus 5 years for the great bodily injury allegation, 5 years for the prior serious felony allegation, and 1 year for the weapon allegation. The court imposed a 19-year sentence on count three, but stayed it under section 654.

Clay timely appealed, and we appointed counsel to represent him. On April 19, 2021, appellate counsel filed a brief

---

[1] All undesignated statutory references are to the Penal Code.

raising no issues and asking us to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Clay did not respond to our letter advising him of his right to file supplemental briefing.

Following review of the record pursuant to *People v. Wende*, we affirm.

## FACTUAL BACKGROUND

Saul M. (Saul) was Clay's boyfriend. Clay did not have a place to stay, so he moved in with Saul. They lived together in a small studio apartment. Saul and Clay stayed in the apartment together on the evening of April 9, 2018. The following morning, Saul went to a friend's house to borrow money. After returning home, Saul laid on his bed and began to fall asleep. Clay approached him and they began having sex. They stopped having sex and Clay went to the bathroom.

After being in the bathroom for roughly half an hour, Clay returned wearing a fur mask and gloves. They began having sex again, then Clay grabbed Saul by the neck and told him he was going to die. At first Saul thought he was joking, then Clay began strangling him and hitting him in the face with a closed fist. Saul began screaming, at which point Clay attempted to suffocate him with a pillow.

Clay grabbed a closed bottle of tequila and struck Saul in the head with it. Clay broke several liquor bottles over Saul's head. Saul felt something warm running down his face. Clay began cutting Saul with a machete Saul kept at the edge of his bed. Saul suffered lacerations to his hand, arm, and the back of his ear. Clay then hugged Saul and asked him for forgiveness. Clay told Saul he did not want to hurt him. Saul thought he was going to die.

After apologizing, Clay used the bedsheets to tie up Saul's hands and legs. Clay wrapped Saul in a comforter blanket, broke open a liquor bottle, and poured the liquor on Saul. Clay set Saul on fire using a torch lighter. As Saul continued to burn, Clay walked around the apartment speaking with someone on the phone. Clay removed the sim card from Saul's phone and went through his things. Before leaving, Clay broke the television on Saul's body.

Bernadine S., the manager of the apartments where the incident occurred, testified the fire alarm went off around 3:43 p.m. on April 10, 2018. Bernadine called the fire department when she saw smoke on the premises. The firefighters put out the fire and removed Saul from his apartment. One of the firefighters observed the stove burners in Saul's apartment were left on. Bernadine later showed police officers a surveillance video of Clay leaving the building at approximately 3:43 p.m. on the date of the incident. Upon arriving at the scene, a firefighter paramedic observed Saul was naked, bleeding, had multiple lacerations, an abrasion and a hematoma on his face, burns, a puncture wound behind his ear consistent with being stabbed, and several puncture wounds on his face.

Los Angeles Police Department (LAPD) Detective Jason Haggis responded to the scene at 5:45 p.m. on April 10, 2018. He noticed the kitchen knife block was missing knives, and found one of them on the floor next to the bed.[2] He observed a trail of blood droplets from the bedroom area into the bathroom, and discovered a bloody rag in the bathroom sink. He also discovered

---

2    Detective Haggis was informed that the knife had been moved from the bed while the firefighters were attempting to save Saul.

4

broken glass that had come from the liquor bottles, as well as a bloody liquor bottle that appeared to be the size of a hematoma on Saul's face.

An arson investigator for the city of Los Angeles was assigned to investigate the fire. He opined the fire originated on the mattress. He believed the fire was intentionally set by igniting a roll of paper towels and placing it on the mattress. He noted the smoke detector was discovered in the bathroom toilet, and opined it had been removed before or during the initial stage of the fire.

On April 11, 2018, Officer Geoff Lear of the LAPD received a call regarding found property at 5433 Lemon Grove Avenue. Officer Lear took custody of a tote bag, which contained, among other things, a pill bottle and gym membership card with the name Tyeshon Clay on them. The bag was stained with marks resembling blood, and it contained liquid with a strong smell of gasoline as well as blood-stained clothing. Officer Jesus Pineda responded to a storage facility on Melrose Avenue, where he arrested Clay, who did not appear to be under the influence.

An LAPD criminalist analyzed various pieces of evidence, including the knife, jogging pants, a shoe, tote bag, and reference samples from Clay and Saul. The knife, jogging pants, shoe, and tote bag were presumptively positive for blood. Clay and Saul were possible contributors to the DNA on the blade of the knife. The DNA from the red stain on the jogging pants matched Clay's DNA, as did the DNA from the red stain on the tote bag.

Saul regained consciousness in the hospital ten days after the incident. He could not move and was breathing on a ventilator. He had third degree burns on his back that required skin grafts. He also suffered broken teeth requiring dental

surgery, and he needed stitches where Clay cut him with the machete.

## DISCUSSION

We have examined the entire record, and are satisfied no arguable issues exist in the appeal before us. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-279 [120 S.Ct. 746, 145 L.Ed.2d 756]; *Wende, supra*, 25 Cal.3d at p. 443.)

## DISPOSITION

The judgment is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


CURREY, J.

We concur:


MANELLA, P.J.


WILLHITE, J.